

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1  STEVEN W. MYHRE
   Acting United States Attorney
2  District of Nevada
   CRISTINA D. SILVA
3  PATRICK BURNS
   Assistant United States Attorneys
4  501 Las Vegas Blvd. South, Ste. 1100
   Las Vegas, Nevada 89101
5  Telephone: (702) 388-6336
   Fax (702) 388-6698
6  john.p.burns@usdoj.gov

7  Attorney for the United States of America

FILED

2017 OCT 10  AM 9:37

U.S. MAGISTRATE JUDGE

BY_____

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION RELATED TO THE AMAZON ACCOUNT LINKED TO CENTRALPARK1@LIVE.COM THAT IS STORED AT A PREMISES CONTROLLED BY AMAZON, INC. | **Magistrate No.** 17-mj-972-NJK  **AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**  **(Under Seal)** |

STATE OF NEVADA        )
                       ) ss:
COUNTY OF CLARK        )

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, Ryan S. Burke, Special Agent, Federal Bureau of Investigation (FBI), having been duly sworn, hereby depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1.    Your Affiant makes this affidavit in support of an application for a search warrant for information related to the Amazon account associated with email account centralpark1@live.com ("Target Amazon Account"). The Target Amazon Account is

1

1   associated with STEPHEN PADDOCK and the information is stored at a premises

2   owned, maintained, controlled, or operated by Amazon.com, Inc. ("Amazon"), an

3   American electronic commerce and cloud computing company based in Tumwater,

4   Washington. More generally, Amazon is a website that allows account holders to browse

5   for and purchase a variety of goods. Separately, Amazon offers and provides internet-

6   based cloud services to various individuals/entities. The information to be searched is

7   described in the following paragraphs and in Attachment "A" (attached hereto and

8   incorporated herein by reference). This affidavit is made in support of an application for

9   a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require

10  Amazon to disclose to the government records and other information in its possession,

11  pertaining to the subscriber or customer associated with the Target Amazon Account.

12        2.      I am an "investigative or law enforcement officer of the United States"

13  within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of

14  the United States who is empowered by law to conduct investigations of, and to make

15  arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

16        3.      I have been employed as a Special Agent of the FBI for approximately five

17  years, which began at the FBI Academy in October 2012. Upon completion of the

18  academy, I was transferred to the Las Vegas Division's white collar crime squad and

19  then the human trafficking squad. Since October 2015, I have been assigned to the Las

20  Vegas Division's violent crime/gang squad. Additionally, I have been a certified member

21  of the FBI's Cellular Analysis Survey Team since August 2015 due to my expertise in

22  the field of historical cell site analysis.

23

24

4.      During my tenure with the FBI, I have conducted surveillance, analyzed telephone records, interviewed witnesses, supervised activities of sources, executed search warrants, executed arrest warrants, and participated in court-authorized interceptions of wire and electronic communications. These investigative activities have been conducted in conjunction with a variety of investigations, to include those involving robbery, drug trafficking, kidnapping, murder, criminal enterprises, and more. In addition to my practical experiences, I received five months of extensive law enforcement training at the FBI Academy.

5.      The facts in this affidavit are derived from your Affiant's personal observations, his training and experience, and information obtained from other agents, detectives, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of the Affiant's knowledge about this matter.

6.      Based on your Affiant's training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of:

a.      Destruction/Damage of Aircraft or Aircraft Facilities - 18 U.S.C.A. § 32(a);

b.      Violence at International Airport - 18 U.S.C. § 37(a)(2); and

c.      Unlawful Interstate Transport/Delivery of Firearms by Non Federal Firearms Licensee – 18 USC 922(a)(3) and (5).

(hereafter, "Subject Offenses") have been committed by STEPHEN PADDOCK and others yet unknown. There is also probable cause to search the information described in Attachment "A" for evidence of these crimes and information which might reveal the

1  identities of others involved in these crimes, as described in Attachment "B" (attached

2  hereto and incorporated herein by reference).

3  **PROBABLE CAUSE**

4      7.     On the evening of Sunday, October 1, 2017, Route 91 Harvest, a music

5  festival, was in progress at 3901 South Las Vegas Boulevard, Las Vegas, Nevada. At

6  approximately 10:08 p.m., the Las Vegas Metropolitan Police Department (LVMPD)

7  received calls reporting shots had been fired at the concert and multiple victims were

8  struck. LVMPD determined the shots were coming from Rooms 134 and 135 on the 32nd

9  floor of the Mandalay Bay Resort and Casino, located due west of the festival rounds at

10  3950 South Las Vegas Boulevard, Las Vegas, Nevada. These rooms are an elevated

11  position which overlooks the concert venue. Witness statements and video

12  footage captured during the attack indicates that the weapons being used were firing in

13  a fully-automatic fashion.

14      8.     LVMPD officers ultimately made entry into the room and located an

15  individual later identified as STEPHEN PADDOCK. Paddock was deceased from an

16  apparent self-inflicted gunshot wound.

17      9.     Paddock's Nevada driver's license was located in the Mandalay Bay hotel

18  room with Paddock, and both hotel rooms were registered in his name. A player's club

19  card in name of Marilou Danley was located in Paddock's room, and the card returned

20  to the address located on Babbling Brook Street in Mesquite, Nevada. FBI Agents

21  located Danley, who was traveling outside the United States at the time of the

22  shooting. It was ultimately determined that Danley resided with Paddock at the

23  Babbling Brook address.

24

1    10.    On October 2, 2017, search warrants were executed on Paddock's Mandalay

2    Bay hotel rooms, Paddock's vehicle at Mandalay Bay, and two Nevada residences owned

3    by Paddock: 1372 Babbling Brook Court in Mesquite, and 1735 Del Webb Parkway in

4    Reno, Nevada. Officers and Agents found over 20 firearms, hundreds of rounds of

5    ammunition, and hundreds of spent shell casings in the Mandalay Bay hotel rooms, in

6    close proximity to Paddock's body. Over a thousand rounds of rifle ammunition and 100

7    pounds of explosive material were found in Paddock's vehicle. Additional explosive

8    material, approximately 18 firearms, and over 1,000 rounds of ammunition were located

9    at the Mesquite residence. A large quantity of ammunition and multiple firearms were

10   recovered from the Reno residence.

11    11.    As of this date, 58 people have been identified to have been killed in

12   Paddock's attack and another 557 were reportedly injured. Additionally, investigators

13   discovered that STEPHEN PADDOCK also utilized a firearm to shoot large fuel tanks

14   on Las Vegas McCarran International Airport property. Multiple bullet holes were found

15   on the tank, which investigators believe was an attempt by STEPHEN PADDOCK to

16   cause the tanks to explode.

17    12.    In an effort to determine whether or not STEPHEN PADDOCK was

18   assisted and/or conspired with unknown individuals, investigators have attempted to

19   identify all of STEPHEN PADDOCK's communication facilities. Based on a review of his

20   financial accounts, email address centralpark1@live.com ("Email Account") was

21   determined to belong to STEPHEN PADDOCK. On October 3, 2017, investigators

22   requested an emergency disclosure of records from Microsoft related to the Email

23   Account so it could be searched for any evidence of additional co-conspirators. Within

24

1    the Email Account, investigators identified the Target Amazon Account as one that

2    required further investigation.

3         13.    Numerous emails sent from Amazon to the Email Account were discovered

4    in the Email Account which were addressed by Amazon to "Stephen" and listed

5    STEPHEN PADDOCK's residence in Mesquite, Nevada as the shipping destination. For

6    these reasons in conjunction with the Target Amazon Account being associated with the

7    Email Account, investigators strongly believe the Target Amazon Account was controlled

8    and operated by STEPHEN PADDOCK.

9         14.    On September 7, 2017, the Email Account received an email relating to the

10   Target Amazon Account's purchase of an EOTech 512.A65 Tactical Holographic firearm

11   accessory. Within the email, which was addressed to STEPHEN PADDOCK, Amazon

12   confirmed the firearm accessory would be delivered to STEPHEN PADDOCK's

13   residence. Investigators believe this piece of equipment was utilized in the attack carried

14   out by STEPHEN PADDOCK.

15        15.    Your Affiant believes the requested search warrant will yield significant

16   information from Amazon such as STEPHEN PADDOCK's search history, purchase

17   history, IP addresses, shipping addresses, payment information, and more, which may

18   constitute evidence of his planning of the attack and potentially identify other

19   participants in the attack. Ultimately, your Affiant strongly believes the requested

20   information will lead investigators to determine the full scope of STEPHEN PADDOCK's

21   plan and/or conspiracy.

22       **INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

23

24

16.     Your Affiant anticipates executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Amazon to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment "B." Upon receipt of the information described in Section I of Attachment "B," government-authorized persons will review that information to locate the items described in Section II of Attachment "B."

## CONCLUSION

17.     Based on the forgoing, I request that the Court issue the proposed search warrant. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## REQUEST FOR SEALING

18.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good

///

7

cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully Submitted,

Ryan S. Burke, Special Agent
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
before me this /6 day of October 2017.

UNITED STATES MAGISTRATE JUDGE

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**ATTACHMENT "A"**

**ONLINE ACCOUNT TO BE SEARCHED**

    1.    This warrant applies to information related to the Amazon.com account associated with centralpark1@live.com (the "Target Amazon Account") from its inception to present, which is stored at premises owned, maintained, controlled, or operated by Amazon.com, Inc., headquartered at 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501.

## ATTACHMENT "B"
## Particular Things to be Seized

I.    **Information to be disclosed by the Service Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of Amazon.com, including any Emails, records, files, logs, or information that have been deleted but are still available to Service Provider, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Service Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A from account inception to present:

    a.   All names, addresses, email addresses, shipping addresses, and billing information associated with the Target Amazon Account;

    b.   Date of account creation;

    c.   All purchase history;

    d.   Service usage information;

    e.   All Internet Protocol Address logs and information;

    f.   All messages and/or communications exchanged with Amazon.com representative;

    g.   Any and all information, files, and data in possession of Amazon.com and/or any other entities controlled or operation by Amazon.com, Inc. related to the Target Amazon Account.

II.   **Information to be seized by the United States**

    After reviewing all information described in Section I, the United States will seize evidence of violations of Title 18, United States Code Sections 32(a) (Destruction/Damage of Aircraft or Aircraft Facilities); 37(a)(2) (Violence at International Airport); and 922(a)(3); 5 (Unlawful Interstate Transport/Delivery of Firearms by Non Federal Firearms Licensee) (the "Subject Offenses") that occur in the form of the following, from account inception to present:

    a.   Communications, transactions and records that may establish ownership and control (or the degree thereof) of the Target Account, including address books, contact or buddy lists, bills, invoices, receipts, registration records, bills, correspondence, notes, records, memoranda, telephone/address books, photographs, video recordings, audio recordings, lists of names, records of

payment for access to newsgroups or other online subscription services, and attachments to said communications, transactions and records.

b.  Communications, transactions and records to/from persons who may be co-conspirators of the Subject Offenses, or which may identify co-conspirators.

c.  Communications, transactions and records which may show motivation to commit the Subject Offenses.

d.  Communications, transactions and records that relate to the Subject Offenses.

e.  Information related to wire transfers and/or the movement, possession, or storage of currency and valuable items.

**ATTACHMENT "C"**

**PROTOCOL FOR SEARCHING THE ELECTRONIC DATA SEIZED
PURSUANT TO THIS SEARCH WARRANT**

1.      In executing this warrant, the government must make reasonable efforts to use methods and procedures that will locate and expose in the electronic data produced in response to this search warrant ("the Search Warrant Data") those categories of data, files, documents, or other electronically stored information that are identified with particularity in the warrant, while minimizing exposure or examination of irrelevant, privileged, or confidential files to the extent reasonably practicable.

2.      When the Search Warrant Data is received, the government will make a duplicate copy of the Search Warrant Data ("the Search Warrant Data Copy"). The original version of the Search Warrant Data will be sealed and preserved for purposes of: later judicial review or order to return or dispose of the Search Warrant Data; production to the defense in any criminal case if authorized by statute, rule, or the Constitution; for purposes of showing the chain of custody of the Search Warrant Data and the Search Warrant Data Copy; or for any other lawful purpose. The original of the Search Warrant Data will not be searched or examined except to ensure that it has been fully and completely replicated in the Search Warrant Data Copy.

3.      The investigating agents will then search the entirety of the Search Warrant Data Copy using any and all methods and procedures deemed appropriate by the United States designed to identify the information listed as Information to be Seized in Attachment B, Section II. The United States may copy, extract or otherwise segregate information or data listed as Information to be Seized in Attachment B, Section II. Information or data so copied, extracted or otherwise segregated will no longer be subject to any handling restrictions that might be set out in this protocol beyond those required by binding law. To the extent evidence of crimes not within the scope of this warrant appear in plain view during this review, a supplemental or "piggyback" warrant will be applied for in order to further search that document, data, or other item.

4.      Once the Search Warrant Data Copy has been thoroughly and completely examined for any document, data, or other items identified in Attachment B, Section II as Information to be Seized, the Search Warrant Data Copy will be sealed and not subject to any further search or examination unless authorized by another search warrant or other appropriate court order. The Search Warrant Data Copy will be held and preserved for the same purposes identified above in Paragraph 2.

5.      The search procedures utilized for this review are at the sole discretion of the investigating and prosecuting authorities, and may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

a.      examination of all of the data contained in the Search Warrant Data to view the data and determine whether that data falls within the items to be seized as set forth herein;

b.      searching for and attempting to recover from the Search Warrant Data any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

c.      surveying various file directories and the individual files they contain;

d.      opening files in order to determine their contents;

e.      using hash values to narrow the scope of what may be found. Hash values are under-   inclusive, but are still a helpful tool;

f.      scanning storage areas;

g.      performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment A; and/or

h.      performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment B, Section II.

**Return and Review Procedures**

6.      Rule 41 of the Federal Rules of Criminal Procedure provides, in relevant part:

(e) Issuing the Warrant.

(2) Contents of the Warrant.

(A) Warrant to Search for and Seize a Person or Property. Except for a tracking-device warrant, the warrant must identify the person or property to be searched, identify any person or property to be seized, and designate the magistrate judge to whom it must be returned. The warrant must command the officer to:

13

(i) execute the warrant within a specified time no longer than 14 days;

(B) Warrant Seeking Electronically Stored Information. A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

(f) Executing and Returning the Warrant.

(1) Warrant to Search for and Seize a Person or Property.

(B) Inventory. An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. . . . In a case involving the seizure of electronic storage media or the seizure or copying of electronically stored information, the inventory may be limited to describing the physical storage media that were seized or copied. The officer may retain a copy of the electronically stored information that was seized or copied.

7.     Pursuant to this Rule, the government understands and will act in accordance with the following:

a.     Pursuant to Rule 41(e)(2)(A)(iii), within fourteen (14) days of the execution of the warrant, an agent is required to file an inventory return with the Court, that is, to file an     itemized list of the property seized.  Execution of the warrant begins when the United States  serves the warrant on the named custodian; execution is complete when the custodian provides all Search Warrant Data to the United States. Within fourteen (14) days of completion of the execution of the warrant, the inventory will be filed.

b.     Pursuant to Rule 41(e)(2)(B), Rule 41(e)(2)(A) governs the time within which the  electronically stored information must be seized after the issuance of the warrant and copied after the execution of the warrant, not the "later review of the media or information" seized, or the later off-site digital copying of that media.

c.     Under Rule 41(f)(1)(B), the inventory return that is to be filed with the court may be limited to a description of the "physical storage media" into which the Search Warrant Data that was seized was placed, not an itemization of the information or data stored on the "physical storage media" into which the Search Warrant Data was placed;

1    d.     Under Rule 41(f)(1)(B), the government may retain a copy of that information for purposes of the investigation. The government proposes that the original storage media on which the Search Warrant Data was placed plus a full image copy of the seized Search Warrant Data be retained by the government.

e.     If the person from whom any Search Warrant Data was seized requests the return of any information in the Search Warrant Data that is not set forth in Attachment B, Section II, that information will be copied onto appropriate media and returned to the person from whom the information was seized.



# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

FILED

STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
CRISTINA D. SILVA
PATRICK BURNS
Assistant United States Attorneys
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Fax (702) 388-6698
john.p.burns@usdoj.gov

2017 OCT 10   AM 9: 37

U.S. MAGISTRATE JUDGE

BY_____

Attorney for the United States of America

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA
-oOo-

IN THE MATTER OF THE SEARCH
OF INFORMATION RELATED TO
THE AMAZON ACCOUNT LINKED TO
CENTRALPARK1@LIVE.COM THAT
IS STORED AT A PREMISES
CONTROLLED BY AMAZON, INC.

Magistrate No. 17-mj-972-NJK

**APPLICATION**

**(Under Seal)**

## GOVERNMENT'S APPLICATION REQUESTING
## SEALING OF AFFIDAVIT

COMES NOW the United States of America, by and through STEVEN W.

MYHRE, Acting United States Attorney, and PATRICK BURNS, Assistant United States

Attorney, and respectfully moves this Honorable Court for an Order sealing the Affidavit,

together with the Court's Order, in the above-captioned matter until such time as this Honorable

Court, or another Court of competent jurisdiction, shall order otherwise.

The Government submits that it is necessary for said documents to be sealed in light of

the fact that they make reference to information regarding an on-going investigation.

The Government submits that disclosure of the information might possibly jeopardize the

investigation. The Government submits that its right to secrecy far outweighs the public's right

to know.

DATED this 6 day of October 2017.

Respectfully submitted,
STEVEN W. MYHRE
Acting United States Attorney


*Kmacfulen* FOR

PATRICK BURNS
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

IN THE MATTER OF THE SEARCH OF
INFORMATION RELATED TO THE
AMAZON ACCOUNT LINKED TO
CENTRALPARK1@LIVE.COM THAT IS
STORED AT A PREMISES
CONTROLLED BY AMAZON, INC.

Magistrate No. 17-mj-972-NJK

**APPLICATION**

**(Under Seal)**

## SEALING ORDER

Based on the pending Application of the Government, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Affidavit, together with the Court's Order, in the above-captioned matter shall be sealed until further Order of the Court.

DATED this _10th_ day of _October_, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

AO 93 (Rev. 11/13) Search and Seizure Warrant

FILED

# UNITED STATES DISTRICT COURT

2017 OCT 10  AM 9: 36

for the
District of Nevada

U.S. MAGISTRATE JUDGE

BY_____

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )  Case No.   2:17-mj- 972 – NJK |
| AMAZON ACCOUNT LINKED TO | ) |
| CENTRALPARK1@LIVE.COM THAT IS STORED AT A | ) |
| PREMISES CONTROLLED BY AMAZON, INC. | ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ District of _____ Nevada _____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENTS  B and C

**YOU ARE COMMANDED** to execute this warrant on or before *October 20, 2017* *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to _*Nancy J. Koppe*_ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  *10/6/2017  9:00 pm*    _____
*Judge's signature*

City and state:    Las Vegas, Nevada    *Nancy J. Koppe, US Magistrate Judge*
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>    2:17-mj- | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*



SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1

## ATTACHMENT "A"

2

## ONLINE ACCOUNT TO BE SEARCHED

3

4

5

6

     1.     This warrant applies to information related to the Amazon.com account associated with centralpark1@live.com (the "Target Amazon Account") from its inception to present, which is stored at premises owned, maintained, controlled, or operated by Amazon.com, Inc., headquartered at 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**ATTACHMENT "B"**
**Particular Things to be Seized**

I.     **Information to be disclosed by the Service Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of Amazon.com, including any Emails, records, files, logs, or information that have been deleted but are still available to Service Provider, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Service Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A from account inception to present:

  a.  All names, addresses, email addresses, shipping addresses, and billing information associated with the Target Amazon Account;
  b.  Date of account creation;
  c.  All purchase history;
  d.  Service usage information;
  e.  All Internet Protocol Address logs and information;
  f.  All messages and/or communications exchanged with Amazon.com representative;
  g.  Any and all information, files, and data in possession of Amazon.com and/or any other entities controlled or operation by Amazon.com, Inc. related to the Target Amazon Account.

II.    **Information to be seized by the United States**

   After reviewing all information described in Section I, the United States will seize evidence of violations of Title 18, United States Code Sections 32(a) (Destruction/Damage of Aircraft or Aircraft Facilities); 37(a)(2) (Violence at International Airport); and 922(a)(3); 5 (Unlawful Interstate Transport/Delivery of Firearms by Non Federal Firearms Licensee) (the "Subject Offenses") that occur in the form of the following, from account inception to present:

  a.  Communications, transactions and records that may establish ownership and control (or the degree thereof) of the Target Account, including address books, contact or buddy lists, bills, invoices, receipts, registration records, bills, correspondence, notes, records, memoranda, telephone/address books, photographs, video recordings, audio recordings, lists of names, records of

payment for access to newsgroups or other online subscription services, and attachments to said communications, transactions and records.

b. Communications, transactions and records to/from persons who may be co-conspirators of the Subject Offenses, or which may identify co-conspirators.

c. Communications, transactions and records which may show motivation to commit the Subject Offenses.

d. Communications, transactions and records that relate to the Subject Offenses.

e. Information related to wire transfers and/or the movement, possession, or storage of currency and valuable items.

## ATTACHMENT "C"

## PROTOCOL FOR SEARCHING THE ELECTRONIC DATA SEIZED PURSUANT TO THIS SEARCH WARRANT

1.     In executing this warrant, the government must make reasonable efforts to use methods and procedures that will locate and expose in the electronic data produced in response to this search warrant ("the Search Warrant Data") those categories of data, files, documents, or other electronically stored information that are identified with particularity in the warrant, while minimizing exposure or examination of irrelevant, privileged, or confidential files to the extent reasonably practicable.

2.     When the Search Warrant Data is received, the government will make a duplicate copy of the Search Warrant Data ("the Search Warrant Data Copy"). The original version of the Search Warrant Data will be sealed and preserved for purposes of: later judicial review or order to return or dispose of the Search Warrant Data; production to the defense in any criminal case if authorized by statute, rule, or the Constitution; for purposes of showing the chain of custody of the Search Warrant Data and the Search Warrant Data Copy; or for any other lawful purpose. The original of the Search Warrant Data will not be searched or examined except to ensure that it has been fully and completely replicated in the Search Warrant Data Copy.

3.     The investigating agents will then search the entirety of the Search Warrant Data Copy using any and all methods and procedures deemed appropriate by the United States designed to identify the information listed as Information to be Seized in Attachment B, Section II. The United States may copy, extract or otherwise segregate information or data listed as Information to be Seized in Attachment B, Section II. Information or data so copied, extracted or otherwise segregated will no longer be subject to any handling restrictions that might be set out in this protocol beyond those required by binding law. To the extent evidence of crimes not within the scope of this warrant appear in plain view during this review, a supplemental or "piggyback" warrant will be applied for in order to further search that document, data, or other item.

4.     Once the Search Warrant Data Copy has been thoroughly and completely examined for any document, data, or other items identified in Attachment B, Section II as Information to be Seized, the Search Warrant Data Copy will be sealed and not subject to any further search or examination unless authorized by another search warrant or other appropriate court order. The Search Warrant Data Copy will be held and preserved for the same purposes identified above in Paragraph 2.

5.      The search procedures utilized for this review are at the sole discretion of the investigating and prosecuting authorities, and may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

a.      examination of all of the data contained in the Search Warrant Data to view the data and determine whether that data falls within the items to be seized as set forth herein;

b.      searching for and attempting to recover from the Search Warrant Data any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

c.      surveying various file directories and the individual files they contain;

d.      opening files in order to determine their contents;

e.      using hash values to narrow the scope of what may be found. Hash values are under- inclusive, but are still a helpful tool;

f.      scanning storage areas;

g.      performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment A; and/or

h.      performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment B, Section II.

**Return and Review Procedures**

6.      Rule 41 of the Federal Rules of Criminal Procedure provides, in relevant part:

(e) Issuing the Warrant.

(2) Contents of the Warrant.

(A) Warrant to Search for and Seize a Person or Property. Except for a tracking-device warrant, the warrant must identify the person or property to be searched, identify any person or property to be seized, and designate the magistrate judge to whom it must be returned. The warrant must command the officer to:

(i) execute the warrant within a specified time no longer than 14 days;

(B) Warrant Seeking Electronically Stored Information. A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

(f) Executing and Returning the Warrant.

(1) Warrant to Search for and Seize a Person or Property.

(B) Inventory. An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. . . . In a case involving the seizure of electronic storage media or the seizure or copying of electronically stored information, the inventory may be limited to describing the physical storage media that were seized or copied. The officer may retain a copy of the electronically stored information that was seized or copied.

7.   Pursuant to this Rule, the government understands and will act in accordance with the following:

a.   Pursuant to Rule 41(e)(2)(A)(iii), within fourteen (14) days of the execution of the warrant, an agent is required to file an inventory return with the Court, that is, to file an   itemized list of the property seized.  Execution of the warrant begins when the United States  serves the warrant on the named custodian; execution is complete when the custodian provides all Search Warrant Data to the United States. Within fourteen (14) days of completion of the execution of the warrant, the inventory will be filed.

b.   Pursuant to Rule 41(e)(2)(B), Rule 41(e)(2)(A) governs the time within which the  electronically stored information must be seized after the issuance of the warrant and copied after the execution of the warrant, not the "later review of the media or information" seized, or the later off-site digital copying of that media.

c.   Under Rule 41(f)(1)(B), the inventory return that is to be filed with the court may be limited to a description of the "physical storage media" into which the Search Warrant Data that was seized was placed, not an itemization of the information or data stored on the "physical storage media" into which the Search Warrant Data was placed;

d.     Under Rule 41(f)(1)(B), the government may retain a copy of that information for purposes of the investigation. The government proposes that the original storage media on which the Search Warrant Data was placed plus a full image copy of the seized Search Warrant Data be retained by the government.

e.     If the person from whom any Search Warrant Data was seized requests the return of any information in the Search Warrant Data that is not set forth in Attachment B, Section II, that information will be copied onto appropriate media and returned to the person from whom the information was seized.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>AMAZON ACCOUNT LINKED TO<br>CENTRALPARK1@LIVE.COM THAT IS STORED AT A<br>PREMISES CONTROLLED BY AMAZON, INC. | )<br>)<br>)<br>)<br>)<br>) | Case No.   2:17-mj- 972 - NJK |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Nevada _____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENTS  B and C

**YOU ARE COMMANDED** to execute this warrant on or before October 20, 201 *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Nancy J Koppe___ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued: ___10/6/2017  9:00 pm___                    _____
*Judge's signature*

City and state:     ___Las Vegas, Nevada___                    ___Nancy J Koppe  US Magistrate Judge___
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

FILED

| Return | | 2017 NOV 17  AM 10: 40 |
|---|---|---|
| Case No.:<br>2:17-mj- 972 - NJK | Date and time warrant executed:<br>10 \| 6 \| 17      21:00 | Copy of warrant and inventory left with:<br>U.S. MAGISTRATE JUDGE |
| Inventory made in the presence of :<br>N/A | | BY_____ |

Inventory of the property taken and name of any person(s) seized:

Amazon.com account information associated w/
centralparklive 1 @ live.com

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*